IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MADDOX,<br><br>        Plaintiff,<br><br>  vs.<br><br>G. LEWIS, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV-F-02-5225 DLB P<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY DEFENDANTS YOUNG AND ROBINSON SHOULD NOT BE DISMISSED |

      Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's amended complaint, filed on May 19, 2003. On November 30, 2006, the court ordered plaintiff to provide information to facilitate service of process on defendants by filling out and submitting to the court a USM-285 form and a summons for each defendant to be served. Plaintiff submitted the required documents on December 11, 2006, and on December 14, 2006, the court directed the United States Marshal to initiate service on five defendants. Three of the five defendants subsequently made an appearance in this action. However, the Marshal was unable to locate and serve defendants Young or Robinson, and on March 15, 2007 and March 26, 2007, the Marshal returned the USM-285 forms to the court.

      Pursuant to Rule 4(m),

> [i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after

1

notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).

In cases involving a plaintiff proceeding in forma pauperis, a United States Marshal, upon order of the court, shall serve the summons and the complaint. Fed. R. Civ. P. 4(c)(2). "'[A]n incarcerated pro se plaintiff proceeding in forma pauperis is entitled to rely on the U.S. Marshal for service of the summons and complaint and ... should not be penalized by having his action dismissed for failure to effect service where the U.S. Marshal or the court clerk has failed to perform his duties.'" Walker v. Sumner, 14 F.3d 1415, 1422 (9th Cir. 1994) (quoting Puett v. Blandford, 912 F.2d 270, 275 (9th Cir. 1990)), *abrogated on other grounds by* Sandin v. Connor, 515 U.S. 472 (1995). "So long as the prisoner has furnished the information necessary to identify the defendant, the marshal's failure to effect service is 'automatically good cause . . . .'" Walker, 14 F.3d at 1422 (quoting Sellers v. United States, 902 F.2d 598, 603 (7th Cir.1990)). However, where a pro se plaintiff fails to provide the Marshal with accurate and sufficient information to effect service of the summons and complaint, the court's sua sponte dismissal of the unserved defendants is appropriate. Walker, 14 F.3d at 1421-22.

In this instance, the address provided by plaintiff for defendants Young and Robinson are no longer accurate as the defendants are no longer at the facility and there is no forwarding address available. If plaintiff is unable to provide the Marshal with current addresses for defendants Young and Robinson, these defendants shall be dismissed from the action, without prejudice. Pursuant to Rule 4(m), the court will provide plaintiff with the opportunity to show cause why defendants Young and Robinson should not be dismissed from the action at this time.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Within **thirty (30) days** from the date of service of this order, plaintiff shall show cause why defendants Young and Robinson should not be dismissed from this action; and

2. The failure to respond to this order or the failure to show cause will result in a recommendation that defendants Young and Robinson be dismissed from this action.

IT IS SO ORDERED.

| | |
|---|---|
| Dated:  **October 2, 2008** | /s/ **Dennis L. Beck**<br>UNITED STATES MAGISTRATE JUDGE |