# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MADDOX, | CASE NO. 1:02 CV-5225 DLB PC |
| Plaintiff, | ORDER REQUIRING STATUS REPORT RE DEFENDANT YOUNG |
| v. | |
| H. HUANG, et al., | |
| Defendants. | THIRTY DAY DEADLINE |

Plaintiff is a state prisoner and was proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action was closed on October 10, 2008. when the Court granted summary judgment in favor of defendants Huang, Lewis and Neubarth. Plaintiff is presently appealing the judgment to the Ninth Circuit.

**Procedural Background Regarding Defendant Young**

On March 1, 2002, Plaintiff filed this action. On July 11, 2002, the Court screened plaintiff's complaint and ordered service of process on defendants Huang, Young, Newbarth, Robinson, and Hamner.[1]

On October 11, 2002, defendants Neubarth, Huang, Young and Hamner filed a motion to dismiss this action or in the alternative, for a more definite statement. (Doc. 34). Defendants were represented by the Attorney General's Office. Defendants' motion was granted in part and denied in part, and Plaintiff was granted leave to file a second amended complaint. (Doc. 48). Plaintiff filed

---

[1] The summons for service on defendant Robinson was returned unexecuted on August 28, 2002.

a second amended complaint on May 19, 2003. (Doc. 53). Nothing in the file indicates that Plaintiff served defendants with the second amended complaint at the time of filing. Nevertheless, in 2006 the Court screened his second amended complaint and found that it stated cognizable claims for relief against defendants Lewis, Robinson, Neubarth, Huang and Young. On December 14, 2006, the Court ordered the United States Marshal to serve process on the five defendants.[2]

Notwithstanding the fact that defendant Young was represented by the Attorney General's Office, and plaintiff was aware of the Attorney General's address for service, plaintiff listed defendant's Young address for service as Pleasant Valley State Prison. The summons for defendant Young was subsequently returned unexecuted. (Doc. 67). Defendant Young never responded to the amended complaint.

As was previously stated, defendants Huang, Neubarth and Lewis were dismissed from this action on October 10, 2008, when summary judgment was granted in their favor. (Doc. 92).

**Counsel for Defendant Young**

The Attorney General's Office has never moved to withdraw as counsel of record for defendant Young. In the Eastern District of California, Local Rule 83-182(d) addresses the standards for an attorney withdrawing as an attorney. Local Rule 83-182(d) reads in part:

> [A]n attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Accordingly, within thirty days of service of this order, counsel for defendant Young shall file a status report with this court.

IT IS SO ORDERED.

Dated:   **November 15, 2008**        /s/ **Dennis L. Beck**
                                UNITED STATES MAGISTRATE JUDGE

---

[2] The summons for service on defendant Robinson was returned unexecuted on March 26, 2007. (Doc. 70).

2