UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID MADDOX, | CASE NO. 1:02-CV-05225-DLB PC |
| Plaintiff, | ORDER STRIKING PLAINTIFF'S SURREPLY (DOC. 113) |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, et al., | ORDER GRANTING DEFENDANT YOUNG'S MOTION FOR SUMMARY JUDGMENT (DOC. 109) |
| Defendants. / | |

**Order**

**I.   Background**

Plaintiff David Maddox ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  This action is proceeding against Defendant W. Young for violation of the Eighth Amendment.  Pending before the Court is Defendant's motion for summary judgment, filed November 2, 2010.  Doc. 109.  Plaintiff filed his opposition on December 2, 2010.[1]  Doc. 111.  Defendant filed his reply on December 7, 2010. Doc. 112.  The matter is submitted pursuant to Local Rule 230(l).

On January 4, 2011, Plaintiff filed a Response to Defendant Young's Reply  Doc. 113.

---

[1] Plaintiff was informed of the requirements for opposing a motion for summary judgment by a Court order on December 14, 2006.  Doc. 66, Second Informational Order; *see Klingele v. Eikenberry*, 849 F.2d 409, 411 (9th Cir. 1988).

1

The Court treats this filing as a surreply. Surreplies are not generally allowed under the Local Rules of this Court. *See* Local Rule 230(l). The Court neither requested nor granted permission for Plaintiff to file a surreply. Plaintiff's surreply is HEREBY ORDERED stricken.[2]

## II.  Summary Judgment Standard

Summary judgment is appropriate when it is demonstrated that there exists no genuine dispute as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).[3] Under summary judgment practice, the moving party

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" *Id.* at 324. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Id.* at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Id.* In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323.

If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine dispute as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

In attempting to establish the existence of this factual dispute, the opposing party may not

---

[2] Out of an abundance of caution, the Court reviewed Plaintiff's surreply and finds that it does not change the outcome of the Court's order.

[3] The Federal Rules of Civil Procedure were updated effective December 1, 2010.

rely upon the denials of its pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. Fed. R. Civ. P. 56(c); *Matsushita*, 475 U.S. at 586 n.11.  The opposing party must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Thrifty Oil Co. v. Bank of Am. Nat'l Trust & Sav. Ass'n*, 322 F.3d 1039, 1046 (9th Cir. 2002); *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmoving party, *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *Wool v. Tandem Computers, Inc.*, 818 F.2d 1433, 1436 (9th Cir. 1987).

      In the endeavor to establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial."  *T.W. Elec. Serv.*, 809 F.2d at 631.  Thus, the "purpose of summary judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial.'" *Matsushita*, 475 U.S. at 587 (quoting former Rule 56(e) advisory committee's note on 1963 amendments).

      In resolving a motion for summary judgment, the court examines the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any. Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed, *Anderson*, 477 U.S. at 255, and all reasonable inferences that may be drawn from the facts placed before the court must be drawn in favor of the opposing party, *Matsushita*, 475 U.S. at 587 (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam)).  Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to produce a factual predicate from which an inference may be drawn.  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E. D. Cal. 1985), *aff'd*, 810 F.2d 898, 902 (9th Cir. 1987).

      Finally, to demonstrate a genuine dispute, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts. . . .Where the record taken as

3

a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 586-87 (citations omitted).

### III.     Undisputed Facts[4]

Plaintiff is a prisoner in the custody of the CDCR.  Plaintiff's issue arises out of an incident which occurred in 2000 while Plaintiff was incarcerated at Pleasant Valley State Prison. Plaintiff complained of the medical treatment that he received regarding removal of a metal screw.  Plaintiff had sued five other Defendants in this action for deliberate indifference to a serious medical need.  Those five Defendants filed a motion for summary judgment, which was granted in full by this Court.

Plaintiff names Defendant Young as a Defendant in this action.  Defendant Young has never practiced medicine, as he was a doctor of dental science (DDS).  Defendant Young's only involvement with Plaintiff's medical care occurred on April 23, 2001, when he responded to Plaintiff's inmate grievance.[5]  Plaintiff told Defendant Young that it was very difficult for Plaintiff to walk.  Defendant Young acknowledged that the treatment was not working, but did not provide the necessary treatment afterwards.[6]  Defendant Young has never represented that he is a medical doctor.  Plaintiff did not complain of his dental care in any pleading in this action.

---

[4] All facts are considered undisputed, unless otherwise noted. Pursuant to Local Rule 260(b) and Federal Rule of Civil Procedure 56(e), all disputes with the movant's statement of facts must be supported with citation to evidence. *See* L. R. 260(b) (parties opposing Statement of Undisputed Facts shall deny those that are disputed, "including with each denial a citation to the particular portions of any pleading, affidavit, deposition, interrogatory answer, admission or other document relied upon in support of that denial"). Plaintiff does not provide a list of facts with which he admits or denies Defendant's statement of facts. Plaintiff generally cites to his verified complaint to dispute Defendant's statement of facts. Plaintiff also submits a verified opposition. Plaintiff's verified complaint and opposition may be treated as opposing affidavits to the extent that they are verified and set forth admissible facts (1) within Plaintiff's personal knowledge and not based merely on Plaintiff's belief and (2) to which Plaintiff is competent to testify. *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004); *Johnson v. Meltzer*, 134 F.3d 1393, 1399 1400 (9th Cir. 1998); *McElyea v. Babbitt*, 833 F.2d 196, 197 98 (9th Cir. 1987); *Lew v. Kona Hosp.*, 754 F.2d 1420, 1423 (9th Cir. 1985). The Court will consider only those facts and evidence that are relevant to resolving Defendant's motion for summary judgment.

[5] A review of the inmate grievance, No. PVSP 01 596, attached as Exhibit A to Plaintiff's first amended complaint, indicates that Defendant Young responded to Plaintiff's inmate grievance on April 23, 2001, not May 23, 2001. First Am. Compl, Ex. A, Doc. 11.

[6] Plaintiff alleges that he spoke with Defendant Young some time between January 13, 2000 and May 2000. Second Am. Compl. 3, Doc. 53. It is unclear whether Plaintiff meant 2000 or 2001. This is ultimately immaterial to the resolution of the motion.

4

1  Defendant Young retired from CDCR in 2001, and did not see or hear from Plaintiff after
2  responding to Plaintiff's 2001 inmate grievance.  Plaintiff contends that Defendant Young is
3  responsible for Plaintiff's medical treatment because Defendant is the party who denied Plaintiff
4  relief via the inmate grievance process.

5  **IV.    <u>Analysis</u>**

6        The Eighth Amendment prohibits cruel and unusual punishment.  "The Constitution does
7  not mandate comfortable prisons." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quotation and
8  citation omitted).  A prisoner's claim of inadequate medical care does not rise to the level of an
9  Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal
10 civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
11 indifference in doing so.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting
12 *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  The deliberate
13 indifference standard involves an objective and a subjective prong.  First, the alleged deprivation
14 must be, in objective terms, "sufficiently serious . . . ." *Farmer*, 511 U.S. at 834 (citing *Wilson v.*
15 *Seiter*, 501 U.S. 294, 298 (1991)).  Second, the prison official must "know[] of and disregard[]
16 an excessive risk to inmate health or safety . . . ." *Id.* at 837.

17       "Deliberate indifference is a high legal standard." *Toguchi*, 391 F.3d at 1060.  "Under
18 this standard, the prison official must not only 'be aware of the facts from which the inference
19 could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
20 inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official should have
21 been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no
22 matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175,
23 1188 (9th Cir. 2002)).

24       Defendant contends that Plaintiff cannot present evidence that support any theory of
25 deliberate indifference against Defendant.  Def.'s Mot. Summ. J. 7:14-19.  Defendant contends
26 that his only action was to respond to Plaintiff's inmate grievance.  *Id.*  Defendant contends that
27 he was not a medical doctor and was not personally involved in Plaintiff's medical care.  *Id.*
28 Defendant further contends that Plaintiff cannot state a § 1983 claim solely because Defendant

failed to grant Plaintiff's inmate grievance. *Id.* at 7:22-8:28.

Plaintiff argues that Defendant is liable for Plaintiff's medical treatment because he responded to Plaintiff's inmate grievance. However, other than Plaintiff's lay conclusion that there was deliberate indifference to Plaintiff's medical needs, there is no evidence submitted which indicates that Defendant Young knew of and disregarded an excessive risk to Plaintiff's health. Plaintiff's lay opinion is insufficient to support a claim. *See* Fed. R. Evid. 701.

Plaintiff contends that Defendant Young acknowledged that Plaintiff's treatment was ineffective, but did not provide the necessary treatment afterward. Merely ruling against Plaintiff's grievance is not sufficient to state a § 1983 claim because there is no protected liberty interest in a specific inmate grievance procedure. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (citing *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988)). Plaintiff's citation to *Jett v. Penner*, 439 F.3d 1091 (9th Cir. 2006), is unavailing. In that case, the plaintiff swore that he sent letters to prison administrators detailing his requests to have his broken thumb set. *Id.* at 1098. The court found that the plaintiff had presented sufficient evidence to support a deliberate indifference claim. *Id.* Here, Defendant Young is not contesting that he did not receive notice of Plaintiff's inmate grievance. However, Defendant Young merely denied Plaintiff's grievance. The undisputed facts indicate that Defendant Young is not a medical doctor. Defendant Young was not directly involved in Plaintiff's medical care. There is no evidence to support Plaintiff's claim of constitutionally deficient medical care. Thus, there is no genuine dispute of any material fact and Defendant is entitled to judgment as a matter of law.

**IV.     Conclusion And Order**

Based on the foregoing, it is HEREBY ORDERED that

1. Defendant Young's motion for summary judgment, filed November 2, 2010, is GRANTED in full;

///

///

///

6

2.   Summary judgment is granted in favor of Defendant Young and against Plaintiff; and

3.   The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

Dated:   **May 16, 2011**          /s/ **Dennis L. Beck**
                              UNITED STATES MAGISTRATE JUDGE